Filed 3/8/22  P. v. Ellis CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C094278 |
| Plaintiff and Respondent, | (Super. Ct. No. 13F02059) |
| v. | |
| KENNY LEE ELLIS, | |
| Defendant and Appellant. | |

In 2014, defendant Kenny Lee Ellis was sentenced to 15 years in prison for attempted murder.  When he recently sought resentencing under Penal Code[1] section 1170.95, the trial court summarily denied his petition on the basis that the provision does not apply to the crime of attempted murder.  Although that was true when the trial court made its ruling in 2021, as of January 1, 2022, section 1170.95 now applies to defendants who were convicted of attempted murder under the natural and probable consequences doctrine.  (Senate Bill No. 775 (2020-2021 Reg. Sess.) (Stats. 2021, ch. 551, § 2).)  In light of these changes, we will reverse the trial court's order and remand for further proceedings.

---

[1]     Undesignated section references are to the Penal Code.

1

## FACTUAL AND PROCEDURAL BACKGROUND

### I

### *Defendant's Case*

Defendant and codefendant Heriberto Elias Mendoza were charged with attempted murder and assault with a deadly weapon (a knife). It was further alleged with respect to both charges that the two defendants personally inflicted great bodily injury upon the victim and personally used a deadly and dangerous weapon (a knife). It was also alleged defendant had a prior serious felony and strike.

In September 2014, defendant pled no contest to attempted murder without premeditation and admitted he had a prior serious felony and a prior strike. Per the parties' agreement, the trial court, in October 2014, sentenced defendant to prison for an aggregate term of 15 years, as follows: five years for the attempted murder doubled to ten years due to the prior strike plus five years for the prior serious felony. The trial court also imposed various fines and fees. Defendant did not appeal his conviction.

### II

### *Defendant's Petition*

In March 2021, defendant filed a petition for resentencing under section 1170.95. In his petition, defendant argued that an information had been filed against him that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine, that he pled no contest to first or second degree murder in lieu of going to trial because he believed he could have been convicted of first or second degree murder at trial pursuant to the felony-murder rule or the natural and probable consequences doctrine, that he could not now be convicted of first or second degree murder based on the recent changes to sections 188 and 189, that he was not the actual killer, that he was not a major participant in the felony or he did not act with reckless indifference to human life during the course of the crime or felony, and that the victim was not a peace officer. He also requested the court appoint counsel.

2

In April 2021, the trial court appointed counsel for defendant.

Later that month, the prosecution filed a response to defendant's petition, arguing defendant was ineligible for relief as a matter of law because he was convicted of attempted murder, and former section 1170.95 only applied to murder. Defendant disagreed in a reply brief and argued the prosecution's theory of the case was that defendant aided and abetted an assault, meaning his liability for attempted murder was based on the natural and probable consequences theory.

In May 2021, the trial court denied defendant's petition, reasoning that defendant was ineligible as a matter of law because former section 1170.95 did not provide relief for those convicted of attempted murder.

## DISCUSSION

Defendant contends the trial court's denial order must be reversed because, while his appeal was pending, the Legislature amended section 1170.95 to apply to the crime of attempted murder. The People argue defendant's claim is not ripe for adjudication but acknowledges remand "may be appropriate" if we are inclined to apply the new legislation to defendant's case. We agree with defendant and will remand the matter.

Senate Bill No. 1437 (2017-2018 Reg. Sess.), which became effective on January 1, 2019, "amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); *People v. Gentile* (2020) 10 Cal.5th 830, 842.) It also added former section 1170.95, which allowed those convicted of felony murder or murder under the natural and probable consequences theory to petition the trial court to vacate and resentence the defendant. (Former § 1170.95, subd. (a).) "If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause." (Former § 1170.95, subd. (c).)

3

Senate Bill No. 775 amended section 1170.95 to clarify that the petition process now also applies to persons previously convicted of attempted murder or manslaughter under a felony murder or natural and probable consequences theory. (§ 1170.95, subd. (a).) The change applies to acts predating its enactment as either an ameliorative statute under *In re Estrada* (1965) 63 Cal.2d 740, 748 or a clarification of law (*Western Security Bank v. Superior Court* (1997) 15 Cal.4th 232, 243; *People v. Lee* (2018) 24 Cal.App.5th 50, 57). Under either theory, defendant is entitled to the benefit of the new provisions to section 1170.95.

In his petition, defendant stated he could not now be convicted of his crimes based on the recent changes to section 188 and 189. The trial court denied defendant's petition because former section 1170.95 did not apply to attempted murder convictions. Given that Senate Bill No. 775 has now clarified that section 1170.95 does apply to attempted murder convictions, defendant may be entitled to relief and we must reverse the order denying relief and remand for further proceedings.

## DISPOSITION

The order denying defendant's petition for recall and resentencing is reversed. The matter is remanded for further proceedings consistent with this opinion.

/s/
Robie J.

We concur:

/s/
Blease, Acting P. J.

/s/
Hoch, J.

4